**UNITED STATES of America**

v.

**Linda TALIAFERRO, Defendant.**

**Crim. No. 91–69–NN.**

United States District Court, E.D. Virginia, Newport News Division.

Jan. 6, 1992.

Cathy Krinick, Sp. Asst. U.S. Atty., Robert W. Wiechering, Asst. U.S. Atty., Norfolk, Va., for U.S.

Alex J. Michalos, Newport News, Va., for defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

On December 9, 1991, the court accepted defendant's guilty plea for conspiracy to

distribute crack cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a), and unauthorized use of food coupons, in violation of 7 U.S.C. § 2024(b). These offenses carry a maximum penalty of life imprisonment, and defendant is scheduled to be sentenced on March 24, 1991. This matter comes before the court on defendant's motion to reduce her bond now set in the amount of Twenty-five Thousand Dollars ($25,000), plus surety, or, in the alternative, to allow defendant's release on her own personal recognizance until her sentencing. For the reasons stated below and at the hearing on defendant's motion this date, the court DENIES defendant's motion.

Defendant's motion to reduce her $25,000 bond is meritless. Defendant, with counsel, participated in a full detention hearing on October 10, 1991, at which time the court imposed the $25,000 bond as a condition of release. Unable to secure the bond, defendant was detained prior to conviction and never appealed the court's ruling. Defendant now moves the court, after her conviction, to reduce the bond, yet offers no evidence of any change in circumstances since the time of her detention hearing in October, other than her teenage daughter's difficult pregnancy.[1] Moreover, the court set the $25,000 bond as a condition of release *before* conviction, while defendant was presumed innocent. Defendant has since been convicted and the standards for release pending sentencing, as discussed below, are now more stringent.

Rule 46(c) of the Federal Rules of Criminal Procedure conditions eligibility for release pending sentencing on compliance with the provisions of 18 U.S.C. § 3143. Section 3143(a)(2)[2] applies in this case be-

---

1. Even if true, these circumstances do not constitute exceptional reasons that justify release pending sentencing. *See infra* at 5. Furthermore, defendant testified that her daughter is in the custody of defendant's brother; that her daughter is receiving medical care; and that other family members are available to assist her daughter.

2. This section provides:
 (a) Release or detention pending sentence.

....
 (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition ... of sentence be detained unless—
 (A)(i) The judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

cause defendant has been found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(f)(1)(C) (Supp.1991). Section 3143(a)(2) requires the court to detain defendant except in limited situations. First, the court must find a substantial likelihood that a motion for acquittal or new trial will be granted, or the government must have recommended that the court impose no sentence of imprisonment on defendant. 18 U.S.C. § 3143(a)(2)(A)(i)-(ii). If defendant can satisfy either of these conditions, defendant then must meet the burden of showing by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. 18 U.S.C. § 3143(a)(2)(B); see Fed.R.Crim.Pro. 46(c).

The court concludes that the exceptions permitting release pending sentencing do not apply to this case. First, defendant pleaded guilty and has made no motion for acquittal or new trial, and the court knows of no reason why such a motion would be granted. Second, the government has made no recommendation to the court not to impose a sentence of imprisonment. Because neither prong of 18 U.S.C. § 3143(a)(2)(A) applies, the clear and convincing evidence test of section 3143(a)(2)(B) need not be considered, and section 3143, therefore, does not authorize defendant's release pending sentencing.

Even assuming that defendant could meet one of the conditions in section 3143(a)(2)(A), the court would conclude that defendant has not shown any clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community. Defendant's status as the mother of two children and a life-long area resident does not overcome the serious risk of flight presented by a defendant facing a potential sentence of life imprisonment, with a mandatory minimum sentence of ten years incarceration. See 21 U.S.C. § 841(b) (Supp.1991). Further, given the nature of defendant's conviction, namely her involvement in a conspiracy to distribute drugs in exchange for food coupons, the court would conclude that defendant's release would pose a danger to the community.

Although defendant does not make the argument, 18 U.S.C. § 3145(c) also does not support a release of defendant pending sentencing. See United States v. Carr, 947 F.2d 1239, 1240 (5th Cir.1991) (interpreting section 3145(c) as providing "an avenue for exceptional discretionary relief from [section 3143(a)(2) ]"). The relevant portion of this section states:

A person subject to detention pursuant to section 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such a person's detention would not be appropriate.

18 U.S.C. § 3145(c) (Supp.1991). As set out above, defendant is subject to detention pursuant to section 3143(a)(2). The standard for release set forth in section 3143(a)(1), however, mirrors that of section 3143(a)(2)(B) in that they both require clear and convincing evidence that defendant is not likely to flee or pose a danger to the community. As explained above, defendant cannot meet this condition. Furthermore, defendant has shown no exceptional reasons why her continued detention would not be appropriate.[3] Her daughter's difficult pregnancy is not such an exceptional circumstance as to justify release pending sentencing.[4]

---

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.
18 U.S.C. § 3143(a)(2) (Supp.1991).

**3.** Defendant's conviction subjects her to a statutory minimum sentence of 10 years. 21 U.S.C. § 841(b) (Supp.1991). Thus, the court notes that time served by defendant will be credited toward her sentence.

**4.** See supra note 1.

Accordingly, defendant's motion for bond reduction or for release pending sentencing is DENIED. Defendant shall be detained until the imposition of sentence.

It is so ORDERED.