UNITED STATES of America

v.

Edd C. DOUGLAS, et al.

No. 4:92–CR–141–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 2, 1993.

J. Michael Worley, Asst. U.S. Atty., Fort Worth, TX, for the government.

Davis McCown, Fort Worth, TX, for defendant, Clarence Boston.

*ORDER DENYING FIRST MOTION TO SET CONDITIONS OF RELEASE*

MEANS, District Judge.

Pending before the Court is defendant Clarence William Boston's First Motion to

Set Conditions of Release Subsequent to Entry of his Plea of Guilty, which was filed in the above-styled and numbered cause on May 24, 1993. In the motion, Defendant requests that he be released pending sentence. After careful consideration of the motion, the Court finds that it should be and is hereby DENIED.

Defendant was charged with twenty-three other individuals with participating in a cocaine trafficking conspiracy in the Fort Worth Division of the Northern District of Texas spanning over one and one-half years. Defendant pleaded guilty to count sixteen of the indictment, which charged that Defendant "did knowingly and intentionally distribute and possess with intent to distribute approximately 18.12 grams of a mixture and substance containing a detectable amount of cocaine base, a Scheduled II Controlled Substance," in violation of 21 U.S.C. § 841(a)(1). Pursuant to the Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* the possible penalty for such an offense is a term of imprisonment for not less than five years and not more than 40 years. *See* 21 U.S.C.A. § 841(b)(1)(B)(iii) (West Supp.1993). Because the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more, the Court must apply 18 U.S.C. § 3143(a)(2) to evaluate whether Defendant should be released pending sentence. *See* 18 U.S.C.A. §§ 3143(a)(2) & 3142(f)(1) (West Supp.1993).

Section 3143(a)(2) provides that Defendant *shall* be detained pending sentence unless:

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C.A. § 3143(a)(2)(A) & (B) (West Supp.1993). Defendant's motion requests that the Court hear evidence regarding whether Defendant is a threat to the community. The Court finds that such a hearing is unnecessary, however, because before such evidence is relevant, the Court must find that either § 3143(a)(2)(A)(i) or (ii) are applicable. After careful review of the record, the Court does not find that there is a substantial likelihood that a motion for acquittal or new trial would be granted. Additionally, as of this date, the government has not recommended that Defendant's sentence exclude a term of imprisonment. Consequently, the Court finds that § 3143(a)(2) requires that Defendant be detained.

Defendant further argues that, even if he should not be released under the express terms of § 3143(a), his release would nevertheless be appropriate under § 3145(c). Section 3145(c) provides that a person subject to detention pursuant to § 3143(a)(2) may be released, under appropriate conditions, if

(1) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; *and*

(2) it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

*See* 18 U.S.C.A. §§ 3145(c) & 3143(a)(1) (West Supp.1993). Even assuming that Defendant could prove by clear and convincing evidence that he would not flee or pose a danger to another person or the community if released, the Court finds that Defendant has failed to show the existence of any exceptional reasons that make his detention inappropriate. Defendant argues that exceptional reasons exist because his guilty plea and the concomitant agreement to cooperate with the government and testify at the trial of this cause have subjected him to potential retaliation from his co-defendants. While the Court is sympathetic to the possible danger Defendant is facing, such circumstances would exist in virtually any case where one defendant enters into a plea agreement requiring him to testify against his co-defendants. Thus, although such circumstances are not necessarily present in every case, we cannot say that they are sufficiently exceptional to justify release pending sentence. *See United States v. Bloomer,* 791 F.Supp. 100, 102 (D.Vt.1992) (on remand) (holding that Defendant's relationship to his family,

aid to an unrelated family, medical condition, and employment position were "reasons similar in gravity" to those presented in "most instances in which a defendant's detention is at issue" and thus were not "exceptional" under § 3145(c)); *see also United States v. Herrera–Soto,* 961 F.2d 645, 647 (7th Cir. 1992) (holding that "a substantial issue on appeal [is insufficient] to constitute an 'exceptional reason' meriting release pending appeal"); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (noting that the difficult pregnancy of the defendant's daughter "is not such an exceptional circumstance as to justify release pending sentencing"). Defendant's brief further argues that by pleading guilty and testifying against his co-defendants, he has "demonstrated an extraordinary effort to accept responsibility for his actions and to take efforts to correct his wrongdoing." Again, although any attempts at rehabilitation are certainly admirable, they are not exceptional, or at least sufficiently exceptional, to justify release pending the imposition of sentence.

It is, therefore, ORDERED that Defendant's First Motion to Set Conditions of Release Subsequent to Entry of his Plea of Guilty should be and is hereby DENIED.

SO ORDERED.