UNITED STATES of America

v.

Boysie MAHABIR.

Crim. No. L–93–022.

United States District Court, D. Maryland.

July 20, 1994.

---

William H. Murphy, Jr., Baltimore, MD, for defendant.

Lynne A. Battaglia, U.S. Atty., and John F. Purcell, Jr., Asst. U.S. Atty., Baltimore, MD, for Government.

*MEMORANDUM*

LEGG, District Judge.

On July 1, 1994, following a trial, a jury convicted Boysie Mahabir under both counts of an indictment charging him with conspiracy to distribute and possess with intent to distribute cocaine (Count I)[1] and possession with intent to distribute cocaine (Count II).[2] Sentencing has been scheduled for September 8, 1994. Mahabir has asked the Court to continue him on bail pending imposition of sentence.[3] The government objects, contending that Mahabir should be detained. Pending before the Court is this request and defendant's motion for new trial. For the reasons stated herein, both motions shall be denied by separate order.

## I. *FACTS*

The evidence produced at trial included the following:

Boysie Mahabir and Rayford Knight were loosely associated in the trucking business. Both owned trucks and operated them from a shared desk in a shared trailer in Brooklyn, New York.

Knight was a drug hauler who regularly transported cocaine from California and Texas to Brooklyn. He was effectively put out of business when his two drivers (his son Theodore and Mack Davis) were arrested for transporting approximately 200 kilograms of cocaine in one of Knight's trucks. The cargo was owned by a shadowy figure known only as Moish.

1. 21 U.S.C. § 846.

2. 21 U.S.C. § 846; 18 U.S.C. § 2.

3. Mahabir also intends to request bail after he is sentenced.

Knight testified that, after his drivers were arrested, he arranged for Mahabir to haul cargo for Moish. On January 11, 1993, Mahabir's driver, Carey Grace, was stopped in La Plata, Maryland with 199 kilograms of cocaine stowed in the sleeping compartment of his tractor.[4]

Grace agreed to cooperate with law enforcement officers. In a taped phone call to Knight, Grace claimed that he had suffered a heart attack and was in the hospital in La Plata. Mahabir and another man, Anthony Johnson, arrived in La Plata several hours later in a pick-up truck.

Upon arriving at the location of the truck, Mahabir acted in a manner that can be characterized as furtive. He instructed Johnson to offload the boxes from the truck to the pickup. This instruction was being carried out when Mahabir and Johnson were arrested.

Knight and Mahabir were indicted together. Knight subsequently pled guilty pursuant to a plea agreement under which he agreed to testify against Mahabir. On the witness stand, however, Knight unexpectedly refuted his plea agreement (and his acceptance of guilt at rearraignment) and testified that neither he nor Mahabir was aware of what the boxes seized in La Plata contained.

On July 1, 1994, the jury returned guilty verdicts on both counts in the indictment. A bail hearing was held on July 12, 1994.

## II. DISCUSSION

The Bail Reform Act, as amended, sets forth the procedures by which a judicial officer determines whether a recently convicted person may be released pending sentencing. *See* 18 U.S.C. §§ 3143(a), 3145(c). If a defendant is found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," he may qualify for release in two ways. *See* 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(C).

Under Section 3143(a)(2), such a defendant *"shall ... be detained"* unless the judicial officer finds (1) "a substantial likelihood that a motion for acquittal or new trial will be granted" *and* (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."[5] 18 U.S.C. §§ 3143(a)(2), 3143(a)(2)(A)(i), 3143(a)(2)(B) (emphasis added). Both subsections must be satisfied in order to warrant release. *United States v. Irvin,* 2 F.3d 72, 73 n. 1 (4th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1086, 127 L.Ed.2d 401 (1994).

Alternatively, under Section 3145(c), "[a] person subject to detention pursuant to section 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."[6] Section 3143(a)(1) requires that "the judicial officer find[ ] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1).

In short, to warrant release under Section 3145(c), a defendant must meet two requirements. First, he must satisfy Section 3143(a)(1). Second, he must proffer "exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). *Accord United States v. Douglas,* 824 F.Supp. 98, 99 (N.D.Tex.1993); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992), *aff'd,* 993 F.2d 1541 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 261, 126 L.Ed.2d 213 (1993); *United States v. Carr,* 947 F.2d 1239, 1240 (5th Cir.1991); *United States v. Mostrom,* 11 F.3d 93, 94–95 (8th Cir.1993).

---

**4.** Grace was "bobtailing," meaning that he was driving a tractor minus the customary trailer. The cocaine was found in boxes in the sleeping compartment of the tractor.

**5.** Because the defendant faces a maximum term of imprisonment of ten or more years, Section 3143(a)(1) is inapplicable.

**6.** Section 3145(c) requires, therefore, that a person awaiting imposition of sentence demonstrate "exceptional reasons" warranting release and also satisfy the dictates of 18 U.S.C. § 3143(a)(1).

As applied, Mahabir was found guilty of an offense described in Section 3142(f)(1)(C)— "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." Thus, the Court shall order Mahabir detained unless there is (1) clear and convincing evidence that he is not likely to flee, (2) clear and convincing evidence that he does not pose a danger to any other person or to the community, and (3) a substantial likelihood that a motion for new trial or judgment of acquittal will be granted.[7] *See* 18 U.S.C. § 3143(a)(2). Alternatively, the Court may order appropriate release for Mahabir if there is clear and convincing evidence that he is not likely to flee or does not pose a danger to any other person or to the community, and if there are "exceptional reasons" why detention pending sentencing would not be appropriate. *See* 18 U.S.C. § 3145(c).

■ The Court finds by clear and convincing evidence that Mahabir is not likely to flee and that he poses no risk of danger to any other person or to the community. Mahabir, a native of Trinidad, has resided in this country for some 24 years. He and many members of his extended family stand ready to pledge their family homes and other properties in New Jersey and New York as surety for Mahabir's release. If he fled, his entire family would suffer. Mahabir, with the consent of the government, was out on bail for 15 months prior to trial, and there is no indication that he threatened anyone or engaged in illegal activity during that period. The Pretrial Services Department described Mahabir as a model supervisee.

■ Mahabir cannot satisfy, however, the remaining requirements under either Section 3143(a)(2) or Section 3145(c). There is not a substantial likelihood that a motion for new trial or judgment of acquittal will be granted. Nor has Mahabir proffered exceptional reasons warranting release pending sentencing. The Court now addresses these issues seriatim.

At the bail hearing, counsel for Mahabir argued that the following factors (1) warranted a new trial and/or a judgment of acquittal and (2) constituted exceptional reasons warranting his release pending sentence:

(1) There is an exceptionally low risk of flight because Mahabir, although a native of Trinidad, has lived in the United States for 24 years, has an unusually supportive extended family, most of whom also live in the United States, and because members of Mahabir's family have agreed to pledge nine properties, mostly homes, as security for a bond.[8]

(2) Pretrial Services has taken the unusual step of recommending that Mahabir, who was out on bail for 15 months before trial and was a model supervisee, be continued on bail pending sentencing.

(3) The evidence against Mahabir at trial can be characterized as "thin."

(4) There are numerous "novel" legal issues to be raised in a motion for new trial or on appeal. These issues, as detailed in Mahabir's motion for new trial (filed July 12, 1994), include:

(a) In a note submitted during its deliberations, the jury asked whether, to have violated 21 U.S.C. § 846, Mahabir must have known that he was hauling cocaine as opposed to other contraband. In a written instruction to the jury, the Court stated that the defendant need only have known that the substance he was hauling was an illegal drug.

(b) In another note submitted during its deliberations, the jury asked for a definition of the term "reasonable doubt." The Court heard argument on whether such an instruction should be given and what the wording of such an instruction should be. The Court then instructed the jury using the definition of reasonable doubt developed by the Federal Judicial Center and approved by Justice Ginsberg in *Victor v. Nebraska*, [—— U.S. ——, ——] 114 S.Ct. 1239, 1253 [127 L.Ed.2d 583] (1994) (Ginsberg, J., concurring). The Court also denied Ma-

---

7. There is a mandatory minimum sentence applicable to Mahabir's offense.

8. In a show of support, many of Mahabir's family attended his trial every day and subsequent bail hearings.

habir's request that he be allowed the opportunity to make supplemental argument to the jury on the reasonable doubt instruction.

(c) The Court refused to strike evidence concerning cash recovered from Mahabir's residence.

(d) The Court ruled pretrial that Mahabir's Fourth Amendment rights were not violated when the police opened sealed boxes seized from his truck and discovered that they contained cocaine.

(e) At the close of the government's case-in-chief, the Court ruled that the evidence was sufficient to go to the jury and therefore denied Mahabir's Rule 29 motion.

None of these arguments warrants a new trial or a judgment of acquittal, or constitutes exceptional reasons. First, purely personal circumstances, such those listed in arguments (1) and (2) *supra,* are not germane to a new trial or judgment of acquittal. Instead, they address the issues of risk of flight and harm to others, both of which are already covered in Section 3143(a)(2)(B) and which the Court has already resolved in Mahabir's favor.

Nor do Mahabir's personal circumstances satisfy Section 3145(c). A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c). *See, e.g., United States v. Bloomer,* 791 F.Supp. 100, 102 (D.Vt.1992) (defendant's family obligation and his medical condition); *United States v. Douglas,* 824 F.Supp. 98, 99–100 (N.D.Tex.1993) (possible retaliation in jail against defendant by co-defendants); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (difficult pregnancy of defendant's teenage daughter), *aff'd,* 993 F.2d 1541 (4th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 261, 126 L.Ed.2d 213 (1993).[9]

As to argument (3) *supra,* Mahabir contends that the thinness of the evidence pre-

sented at trial warrants a new trial or a judgment of acquittal. The Court disagrees.

At the close of the government's case-in-chief, the Court denied a defense motion for judgment of acquittal. *See* Fed.R.Crim.P. 29. The motion was extensively argued. After carefully weighing all of the evidence in the case, the Court denied the motion, finding that a reasonable juror could find guilt beyond a reasonable doubt. Although the evidence at trial was somewhat thin in comparison to other federal drug cases, the facts were sufficient to justify conviction.

As to argument (4) *supra,* none of the issues raised in Mahabir's motion for new trial is either novel or meritorious. The Court carefully considered the issues when they arose during trial and views these rulings as correct when made. A brief summary of these issues and the Court's rulings follows.

*Argument 4(a)*

■ To be convicted under 21 U.S.C. § 846, a defendant must have knowledge that he was distributing a controlled substance. He need not have known which particular drug was involved. *See United States v. Kairouz,* 751 F.2d 467 (1st Cir.1985); *United States v. Morales,* 577 F.2d 769 (2d Cir.1978); *United States v. Freeze,* 707 F.2d 132 (5th Cir.1983); *United States v. Jewell,* 532 F.2d 697 (9th Cir.), *cert. denied,* 426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed.2d 1188 (1976). The defendant would be innocent, however, if he thought that he was transporting another type of contraband. The Court so instructed the jury.

*Argument 4(b)*

■ During closing argument, defense counsel wrote on a large note pad facing the jury that they could ask for a definition of reasonable doubt. During deliberations, the jury sent to the Court a note asking for such a definition. The Court then read to the jury the instruction developed by the Federal Judicial Center and quoted with approval by Justice Ginsberg in *Victor v. Nebraska,* ——

---

9. Mahabir's incarceration imposes less of a hardship on him and his family than did the defendants' incarceration in the above-cited cases.

Mahabir's children are all grown, his health is good, and his wife has a steady job, providing family income.

U.S. ——, ——, 114 S.Ct. 1239, 1253, 127 L.Ed.2d 583 (1994) (Ginsberg, J., concurring). The Court ruled that giving an instruction, after the jury had specifically requested one, was permissible. *See United States v. Adkins,* 937 F.2d 947, 950 (4th Cir.1991). The Court believes that ruling to be correct.

The Court also rejected defendant's request for further argument on reasonable doubt, ruling that there is no right to supplemental jury argument simply because the Court has given the jury a more complete instruction as to the law. The Court has broad discretion in controlling the length and content of closing arguments. *See United States v. Wables,* 731 F.2d 440 (7th Cir.1984); Fed.R.Crim.P. 30. The Court's ruling is affirmed.

*Argument 4(c)*

■ Detective Brian Eley testified that, during the search of Mahabir's home, a total of $11,000 in cash was recovered. The cash was located in the lining of clothing and inserted between the pages of books.

Defense counsel did not object to the admission of this evidence at trial. After the evidence was closed and before jury instruction, however, defendant moved to strike the cash evidence. When asked by the Court what he intended to argue in closing, the attorney for the government stated that he would not mention the cash. Defense counsel said the same thing.

The Court concludes that the evidence was properly admitted. The drug industry is characterized by the presence of large amounts of cash, and the jury was therefore entitled to know that such evidence was discovered in Mahabir's home. *See United States v. $95,945.18, United States Currency,* 913 F.2d 1106, 1111 (4th Cir.1990); *United States v. Thomas,* 913 F.2d 1111, 1115 (4th Cir.1990); *United States v. Brett,* 872 F.2d 1365, 1370 (8th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 322, 107 L.Ed.2d 312 (1989).

■ Even assuming that the evidence should not have been admitted, a new trial is warranted only if the admission was prejudicial. *See United States v. Ham,* 998 F.2d 1247, 1252 (4th Cir.1993); Fed.R.Evid. 103(a). The Court concluded that to instruct the jury to disregard the cash after the case had closed would unduly "highlight" that evidence and might defeat the purpose of defendant's request to have it stricken. Neither party mentioned the cash during closing argument, and it is difficult to conclude that the evidence played a material role in the jury's decision to convict Mahabir. Thus, the Court's ruling did not affect the substantial rights of the defendant and is therefore affirmed.[10]

*Argument 4(d)*

■ The Court ruled pretrial that Mahabir's Fourth Amendment rights were not violated when the sealed packages of cocaine were opened after they were removed from the tractor. In reaching this ruling, the Court concluded that the law enforcement officer (1) lawfully stopped Grace for running a red light, (2) lawfully arrested him for driving on a suspended out-of-state license, and (3) lawfully searched the boxes. *See New York v. Belton,* 453 U.S. 454, 460–61, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Michigan v. DeFillipo,* 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). The Court also concluded that discovery of the cocaine in the sealed packages was inevitable because Grace's tractor would have been impounded anyway. *See Nix v. Williams,* 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984). These rulings are affirmed.

*Argument 4(e)*

At the close of the government's case-in-chief, the Court found that the evidence was sufficient to go to the jury and therefore denied Mahabir's Rule 29 motion. *See United States v. Strandquist,* 993 F.2d 395 (4th Cir.1993); *United States v. Jackson,* 863 F.2d 1168 (4th Cir.1989). That ruling is affirmed.

---

10. In the alternative, defense counsel contends that he "was ineffective because he did not see the relevancy issue until the evidence was already admitted." The Court finds, however, that such a proffer fails to satisfy the requirements for showing ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

None of these issues is exceptional, unusual, or extraordinary. Thus, neither Section 3143(a)(2) nor Section 3145(c) is satisfied. Nor does the Court consider Mahabir's arguments sufficient to warrant a new trial. *See United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir.1993), *aff'd*, —— U.S. ——, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994).

## III. *CONCLUSION*

In enacting Section 3145(c), Congress crafted a limited safety valve that would grant the trial judge discretion to free a person awaiting sentence when extraordinary circumstances exist. Congress did not, however, intend that the exception should defeat the clearly stated rule in Section 3143(a)(2) that those involved in certain drug crimes shall be detained pending sentencing.

This is not a case in which a presumptively innocent man awaits sentence. Mahabir has been convicted by a jury of serious drug violations involving almost 200 kilograms of cocaine, and he has proffered no exceptional reason why he should not be detained. Accordingly, the Court shall, by separate order, deny defendant's motion for release pending sentencing. Defendant's motion for new trial shall also be denied.