UNITED STATES of America,

v.

Frederick Ladale BRYANT, Defendant.

Crim. A. No. 1:94–cr–284–01–FMH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 2, 1994.

James R. Harper, II, Asst. U.S. Atty., Atlanta, GA, for U.S.

Suzanne Hashimi, Federal Defender Program, Atlanta, GA, for defendant.

### *ORDER*

HULL, District Judge.

This action is before the Court on Defendant's Motion for Review of Detention Order [14–1]. For the reasons stated below, the defendant's Motion is **DENIED** and the Court **ORDERS** the defendant, Frederick Ladale Bryant, detained prior to his sentencing.

### I. *FACTS*

Defendant Frederick Ladale Bryant is currently awaiting sentencing for conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846. The defendant seeks release pending his sentencing.

On July 27, 1994, after a hearing, Magistrate Judge Strother ordered that Defendant be detained. On September 26, 1994, Defendant pleaded guilty to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846.[1] On October 7, 1994, De-

fendant filed this Motion seeking release pending his sentencing date of December 2, 1994. On October 27, 1994, the Court held a hearing to determine whether the defendant should be released pending his sentencing.

### II. *DETENTION PRIOR TO SENTENCING*

Since the defendant has pleaded guilty, his release pending sentencing is governed by 18 U.S.C. § 3143(a), which states as follows:

[e]xcept as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community.

18 U.S.C. § 3143(a)(1); *see also United States v. Douglas*, 824 F.Supp. 98, 99 (N.D.Texas 1993). The exception detailed in subparagraph (a)(2) also presumes that the defendant shall be detained while awaiting sentence, but restricts the instances where the defendant might overcome the statutory presumption, as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

(A)(i) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

As detailed above, sub-paragraph (a)(2) applies where the defendant's offense is one of the three described in "subparagraph (A),

1. The defendant was originally charged in a four count indictment, with conspiring to distribute and distributing cocaine base. Subsequently, the

defendant entered a plea of guilty to Count One of the indictment-conspiracy to distribute cocaine base.

(B), or (C) of subsection (f)(1) of section 3142. In this case, the defendant pleaded guilty to a violation of 21 U.S.C. § 846, and because of the quantity of cocaine base involved, the defendant potentially faces a ten (10) year minimum mandatory sentence under 21 U.S.C. § 841(b)(1)(A)(iii). The defendant's offense falls within the scope of subparagraph (C) of subsection (f)(1) of section 3142 as, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)...." 18 U.S.C. § 3142(f)(1)(C). The offense to which Defendant pleaded guilty is a listed offense in Section 3142(f)(1), and therefore, the Court must apply 18 U.S.C. 3143(a)(2).

■■■ Under Section 3143(a)(2), unless the defendant meets both sub-part (A) and (B) of section 3143(a)(2), the statutory presumption controls and the defendant cannot be released prior to his sentencing. Here, the Court's inquiry is shortened because neither (2)(A)(i) nor (2)(A)(ii) are met. There was no showing, under sub-part (A)(i), that there is a substantial likelihood that a motion for acquittal or new trial will be granted. 18 U.S.C. § 3143(a)(2)(A)(i). Additionally, the Court finds that nothing in the record establishes that there is a substantial likelihood that a motion for acquittal or new trial will be granted. Similarly, the Assistant United States Attorney at the October 27, 1994, hearing did not recommend that "no sentence be imposed upon" the defendant. See 18 U.S.C. § 3143(a)(2)(A)(ii). To the contrary, the government's attorney argued the existence and application of a mandatory minimum sentence under 21 U.S.C. § 841. The defendant has not met his burden of showing that 18 U.S.C. § 3143(a)(2)(A)(i) or (ii) exist. Therefore, the Court finds, pursuant to 18 U.S.C. 3143(a)(2), that the defendant has failed to overcome the presumption that he should be detained pending sentencing.

The defendant may also seek release pending his sentencing by meeting the criteria set forth in 18 U.S.C. § 3145(c). Section 3145(c) provides that where the defendant is detained pursuant to 18 U.S.C. § 3143(a)(2), the defendant may still be released if (1) the defendant can demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released; and (2) it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate. 18 U.S.C.A. § 3145(c) (Supp.1993) & 18 U.S.C.A. § 3143(a)(1) (Supp.1993); see also, United States v. Douglas, 824 F.Supp. 98, 99 (N.D.Texas 1993).

In this case, the defendant has not shown by clear and convincing evidence that he is not likely to flee and does not pose a danger to the safety of any other person or the community if released. At the October 27, 1994 hearing, the defendant both presented live testimony, as well as, proffered evidence in support of his motion. Several witnesses testified, inter alia, that the defendant has a good character, that the defendant is nonviolent by nature, that the defendant would not harm any of the government's witnesses in this case, and that the defendant would willingly return to the Court for sentencing. The defendant's witnesses also testified that they would put up real property assets as bond for the defendant's release, and provide moral support to the defendant to ensure his return for the December 2, 1994 sentencing date. Yet, another witness assured the Court that he would hire the defendant if the defendant was released. The defendant argues that he does not pose a risk of flight and that based upon the testimony presented he should be released pending his sentencing.[2]

In opposition to the defendant's motion, the government contends (1) that the defendant has not shown by clear and convincing evidence that the defendant does not pose a risk of flight or a danger to any person or the community, (2) that the defendant still faces a minimum mandatory sentence of ten (10) years, under 21 U.S.C. § 841(b), (3) that the defendant was arrested with over 300 grams of crack cocaine, and (4) that the defendant was arrested on three prior occasions for selling illegal drugs. According to

2. The defendant also argues (1) that the sentencing guidelines under which he will be sentenced are unconstitutional, and (2) that he qualifies for first offender status under the United States Sentencing Guidelines. The Court does not reach or rule on either of these two issues at this time.

the government, the volume of drugs involved, the potential ten (10) year sentence, and the defendant's prior arrests for drug sales, indicate that the defendant poses a risk of flight and a danger to the community.

■ After consideration of the defendant's motion, the defendant's evidence and argument in support of his motion, and the government's response and evidence in opposition to the defendant's motion, the Court finds that the defendant has not shown by clear and convincing evidence that he does not pose a risk of flight or danger to any person or the community.

However, assuming, *arguendo*, that the defendant has shown his eligibility for release by clear and convincing evidence, the Court finds that the defendant has not shown any "exceptional reasons" why the defendant's detention is not appropriate. *See* 18 U.S.C. § 3145(c). The defendant argues that he would like to be released to spend time with his family, particularly his two-year old son, prior to incarceration. While the Court is sympathetic to the defendant's desire to spend time with his family prior to his incarceration, the defendant's reasons are not exceptional. *See United States v. Mostrom,* 11 F.3d 93, 94 (8th Cir.1993) (inadequate means to transport prisoners, compliance with pretrial supervision and gainful employment prior to sentencing were not exceptional circumstances); *United States v. Mahabir,* 858 F.Supp. 504, 508 (D.Md.1994) (family hardships caused by incarceration was not exceptional circumstances); *United States v. Douglas,* 824 F.Supp. 98 (N.D.Tex.1993) (possible retaliation by co-defendant's against whom defendant was to testify was not exceptional reasons); *United States v. Bloomer,* 791 F.Supp. 100, 101–02 (D.Vt.1992) (defendant's relationship to family, his medical condition, and the aid he rendered to an unrelated family were not exceptional reasons); *United States v. Taliaferro,* 779 F.Supp. 836, 838 (E.D.Va.1992) (difficult pregnancy of defendant's teenage daughter was not exceptional reason). After consideration of the record, including the testimony and argument presented at the October 27, 1994 hearing, the Court finds that the defendant has not shown any exceptional reason why his detention prior to sentencing is not appropriate.

In summary, the Court finds that the defendant has not shown by clear and convincing evidence that he does not pose a risk of flight or does not pose a danger to any person or the community. Alternatively, even assuming that the defendant carried his burden, the Court finds that the defendant has not shown that his desire to be released pending sentencing to spend time with his family is an exceptional reason under 18 U.S.C. § 3145(c).

Based upon the above analysis and discussion, the Court **DENIES** the defendant's Motion for Review of Detention Order [14–1], and **ORDERS** that Defendant Frederick Ladale Bryant be **DETAINED** pending his sentencing.

### III. CONCLUSION

Defendant's Motion for Review of Detention Order [14–1] is **DENIED.** The Court orders that Defendant Frederick Ladale Bryant be **DETAINED** prior to his sentencing.

**SO ORDERED.**