UNITED STATES of America

v.

Ivory BRYANT, et al.

Crim. No. 2:94 CR 53.

United States District Court,
N.D. Indiana,
Hammond Division.

Aug. 14, 1995.

Daniel Bella, Asst. U.S. Atty., Dyer, IN, for U.S.

Kevin Milner, Munster, IN, for Michael Maxwell.

Willie Harris, Gary, IN, for Andre Pierce, Greg Morrison and Alfred Tate.

Noah L. Holcomb, East Chicago, IN, for Van Armstead.

Mark Thiros, Merrillville, IN, for Michael Jones and Kevin Carter.

Charles Graddick, Gary, IN, for Nathan Riley.

Scott King, Gary, IN, for Ivory Bryant, William Spencer, Sam Hinton and Algie Jordan.

Thomas Vanes, Merrillville, IN, for Jerome Raspberry.

John Bickley, Chicago, IL, for Raymond Coats.

I. Alexander Woloshansky, Merrillville, IN, for Wilfred Owens.

Karen Freeman–Wilson, Gary, IN, for Royce Peters.

## ORDER

RODOVICH, United States Magistrate Judge.

This matter is before the court on the request by several defendants to review their pretrial detention pending sentencing. For the reasons set forth below, the requests for review are **DENIED.**

### Factual Background

The pending charges are the result of a two-year investigation by the Drug Enforcement Administration into narcotics trafficking in Gary, Indiana. During the course of the investigation, DEA agents relied on wire taps, confidential informants, and surveillance. On June 2, 1994, a 21 count indictment was returned against 40 defendants. A superseding indictment was returned on July 6, 1994, adding an additional 26 defendants. The indictments alleged violations of 18 U.S.C. §§ 2, 922(g)(1), and 1956(a)(1)(B)(i) and 21 U.S.C. §§ 841(a)(1) and 846.

The government requested that most of the defendants be held without bond pending trial. Detention hearings were conducted in June and July, 1994, and a number of the defendants were ordered held without bond. In summary, the government presented evidence that the conspiracy sold more than 400 kilograms of cocaine. Since many of the

defendants dealt in multi-kilogram quantities, it was determined that they posed a danger to the community.

After the indictments were returned, many of the defendants agreed to cooperate with the government. Because the thoroughness of the pre-indictment investigation was reinforced by the post-indictment cooperation, the government has entered into plea agreements with all of the defendants who have been arrested. Under these plea agreements, all of the defendants are receiving sentences less than the statutory maximum of life imprisonment. The government also has agreed to recommend less than the mandatory minimum sentence of ten years imprisonment for some of the cooperating defendants.

This case has been assigned to the Honorable Rudy Lozano. All of the defendants have appeared before Judge Lozano for a change of plea hearing. Although the defendants have been advised of their constitutional rights and have tendered guilty pleas, Judge Lozano has followed his usual practice of not accepting the guilty plea until he has reviewed the presentence report. Sentencing dates have been set for all defendants.

After the change of plea hearings, several of the defendants filed motions seeking to be released on bond pending the sentencing hearings. The bond requests were set for hearing on the merits. When the government appeared for the hearing, for the first time it argued that this court did not have the authority to release the defendants on bond pending sentencing. The bond hearings were continued to afford the defendants the opportunity to brief the issue.

### Discussion

■ Pretrial release is controlled by the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et. seq.* Under Section 3142(e), a defendant must be detained if the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community ..." Section 3142(f) provides in part:

The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of the person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et. seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et. seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C.App. 1901 *et. seq.*)

Under Section 3142(e), if the court finds probable cause to believe that the defendant has committed an offense listed under 3142(f)(1)(C), there is a rebuttable presumption that the defendant should be detained.

■ At the detention hearings, evidence was presented showing an ongoing conspiracy distributing kilogram quantities of cocaine and the possession of firearms by many members of the conspiracy. When the defendants failed to rebut the presumption in favor of detention, they were ordered detained. *See generally United States v. Johnson,* 26 F.3d 669, 673 (7th Cir.1994); *United States v. Cervantes,* 951 F.2d 859, 861 (7th Cir.1992); *United States v. Singer,* 943 F.2d 758, 762–63 (7th Cir.1991); and *United States v. McNeese,* 901 F.2d 585, 596–97 (7th Cir.1990).

Bond pending sentencing is controlled by Section 3143(a)(2) which provides:

The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence shall be detained unless—

(A)(i) * * *

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Since each plea agreement requires a term of incarceration, the government contends that this court "shall order" the defendants held without bond.

The defendants have raised two arguments to counter the government's position. First, they contend that they have not been "found guilty of an offense" since Judge Lozano deferred the acceptance of the guilty plea until the date of sentencing. Second, some of the defendants suggest that Section 3142(f)(1)(C) should not apply to them since their plea agreements provide for a sentence of less than ten years imprisonment.

■ With respect to the defendants' first argument, it is undisputed that Judge Lozano has conducted a change of plea hearing which complies with Federal Rule of Criminal Procedure 11. Although Judge Lozano deferred acceptance of the guilty plea until the sentencing hearing, that does not affect the enforceability of the guilty plea. In *United States v. Winston*, 34 F.3d 574 (7th Cir.1994), the district court conducted a change of plea hearing but deferred accepting the plea until the sentencing hearing. Prior to sentencing, the district court rejected the defendant's request to withdraw his guilty plea. In affirming the conviction, the Court of Appeals stated:

> Although Mr. Winston does not raise the issue, we note that there is no import in the fact that Mr. Winston moved to withdraw his guilty plea prior to the district court's acceptance of the plea agreement. "[T]here is no absolute right to withdraw a plea prior to acceptance of the plea agreement by the court." *United States v. Ellison*, 798 F.2d 1102, 1106 (7th Cir.1986) . . .
>
> 34 F.3d at 576 n. 1

■ Under Federal Rule of Criminal Procedure 32(e), the defendant must show a "fair and just reason" for withdrawing a guilty plea. The defendant "faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is 'fair and just.'" *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir.1992). *See also United States v. Price*, 988 F.2d 712, 717 (7th Cir. 1993).

In the instant case, the entry of a judgment of conviction at sentencing appears to be nothing more than a mere formality. No one has suggested any reason why Judge Lozano would not accept the plea agreements, and any defendant attempting to withdraw the guilty plea is confronted with a heavy burden under Criminal Rule 32(e). Therefore, the guilty pleas must be considered equivalent to a finding of guilty for purposes of Section 3143(a).

Some of the defendants next contend that their convictions do not come within the scope of Section 3142(f)(1)(C) since they will receive a sentence of less than ten years imprisonment under a plea agreement. However, Section 3142(f)(1)(C) refers to specific offenses and not any sentences actually imposed. All of the defendants have been charged with violations of the Controlled Substances Act, 21 U.S.C. § 801 *et. seq.*, and the maximum penalties for those offenses is in excess of ten years. Additionally, all of the defendants will receive an executed sentence under the plea agreements.

The district court rejected a similar argument in *United States v. Douglas*, 824 F.Supp. 98 (N.D.Tex.1993). After entering a guilty plea to a violation of Section 841(a)(1), the defendant requested release on bond pending sentencing. The district court declined to hold a hearing since "§ 3143(a)(2) requires that Defendant be detained." 824 F.Supp. at 99.

In enacting the Bail Reform Act of 1984, Congress recognized the threat which drug dealers pose to the community. Section 3142(e) creates a rebuttable presumption that pretrial detention is appropriate. After conviction, Section 3143(a) transforms the presumption into mandatory detention. The defendants are correct that Section 3143(a) does not explicitly address the situation where the district judge has not formally accepted the guilty plea or where the actual sentence is not expected to exceed ten years imprisonment. However, mandatory detention pending sentencing is consistent with the intent of the statute and the concerns which the Court of Appeals has expressed for large narcotics conspiracies.

For the foregoing reasons, the defendants are not entitled to bond pending sentencing under Section 3143(a)(2).