108 F.3d 1370
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellant,
v.
Raul LUCIANO, Defendant,
Juan CINTRON, Defendant-Appellee.
 No. 97-1015.
 United States Court of Appeals, Second Circuit.
 Feb. 24, 1997.
 
 1
 Before JACOBS, CALABRESI, and LAY,* Circuit Judges.
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut, and was argued by counsel.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is VACATED and the action be and it hereby is REMANDED to the district court for further proceedings consistent with this order.
 
 I. Background
 
 4
 On December 30, 1996, after a five-week jury trial in the United States District Court for the District of Connecticut (Dorsey Ch. J.), Juan Cintron and two co-conspirators were convicted of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. This conviction carries a potential sentence of ten years or more.
 
 
 5
 Cintron is one of two family members who run a family-owned store. After his arrest and during the trial, Cintron was at liberty on bail so that he might run the store. Initially, he wore a surveillance bracelet, but that was removed on recommendation. Following his conviction, the government moved for revocation of the release order. The district court denied the motion, but did reinstate the requirement that Cintron wear a surveillance bracelet.
 
 
 6
 In the court's opinion denying the motion, which was delivered from the bench, the court stated:
 
 
 7
 [F]rom your behavior here in court, from your responsibilities to your child, to your mother, I am somewhat hard pressed to find that it is necessarily in keeping with the statute, and the concept of bond until sentence, to revoke your bond at this time.
 
 
 8
 I am going to find that [Cintron's lawyer] has articulated a basis on which an appeal, while I don't think it has any merit because I think it's contrary to the decision that I made ... with due consideration to th[ose] arguments that were raised at the time, ... is a legitimate issue to be raised on appeal.
 
 
 9
 As I say, I think I was correct in the decision that I made, but on the other hand I think it is a legitimate issue on an appeal. ...
 
 
 10
 I do find that there is a substantial dependence, as far as his family is concerned, although it's diluted by the fact that he's not the only one that runs that store, but it is of sufficient significance that it warrants consideration as a somewhat extraordinary circumstance.
 
 
 11
 Accordingly, Mr. Cintron, I'm going to give you the benefit of the doubt, and find that under the circumstances there is such a justification for deviation from what the statute would otherwise almost mandate ....
 
 
 12
 (emphasis added).
 
 
 13
 On appeal, the government argues that the district court's failure to revoke the release order was clearly erroneous and an abuse of discretion.
 
 II. Discussion
 A. Section 3143(a)(2)
 
 14
 18 U.S.C. § 3143(a)(2), "Release or detention of a defendant pending sentence," provides, inter alia, that when a defendant has been convicted of a drug offense that carries a maximum term of ten years or more,
 
 
 15
 The judicial officer shall order that [the defendant who] is awaiting imposition or execution of sentence be detained unless--
 
 
 16
 (A)(i) the judicial officer finds that there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
 
 
 17
 (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
 
 
 18
 (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.
 
 
 19
 (emphasis added).
 
 
 20
 The district court used the wrong test to assess the question of Cintron's release pending sentencing. The district court considered whether there was a "legitimate issue to be raised on appeal," which is the standard under § 3143(b) for release pending appeal. For release pending sentencing (absent a government recommendation under § 3143(a)(2)(A)(ii)), the district court must examine whether there was a "substantial likelihood that a motion for acquittal or new trial would be granted." See United States v. Patterson, 974 F.2d 291, 292 (2d Cir.1992) (§ 3143(a) applies only to the district judge's own actions, not the likelihood of success on appeal). The district court has indicated, however, that it is not disposed to grant such a motion. The district court therefore did not apply the proper standard.
 
 B. Section 3145(c)
 
 21
 18 U.S.C. § 3145(c) provides the following alternative avenue for Cintron's release pending sentencing:
 
 
 22
 A person subject to detention pursuant to § 3143(a)(2) ..., and who meets the conditions of release set forth in section 3143(a)(1) ..., may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why each person's detention would not be appropriate.
 
 
 23
 (emphasis added). The § 3143(a)(1) conditions of release are that the judicial officer find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" (emphasis added). In sum, Cintron must 1) show by clear and convincing evidence that he is unlikely either to flee or to pose a threat to anyone's safety, and 2) clearly show that exceptional circumstances render his detention inappropriate.
 
 
 24
 The district court, to the extent that it examined Cintron's situation under § 3145(c), found that Cintron had shown a "somewhat extraordinary circumstance." Depending on what "somewhat" is intended to convey, this may not be the test mandated by § 3145(c).
 
 
 25
 We express no view as to whether Cintron's case presents exceptional circumstances, except to note that we have found that an "unusual factual or legal question" may constitute exceptional circumstances, as may a "merely substantial question" combined with "one or more remarkable and uncommon factors." United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991). In short, "exceptional circumstances" are a "unique combination of circumstances giving rise to situations that are out of the ordinary." Id.; see also United States v. Herrera-Soto, 961 F.2d 645, (7th Cir.1992) (per curiam).[1]
 
 
 26
 The judgment of the district court is therefore VACATED and REMANDED for the district court to consider the government's motion to revoke Cintron's release order under the proper standards in § 3143(a)(2) and/or § 3145(c), as may be appropriate.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 We also note that district courts have found that "purely personal circumstances" do not constitute exceptional reasons. See United States v. Mahabir, 858 F.Supp. 504, 508 (D.Md.1994); United States v. Bloomer, 791 F.Supp. 100, 102 (D.Vt.1992) (family obligation and medical condition insufficient); United States v. Douglas, 824 F.Supp. 98, 99-100 (N.D.Tex.1993) (possible retaliation in jail by co-defendants insufficient); United States v. Taliaferro, 779 F.Supp. 836, 838 (E.D.Va.1992) (difficult pregnancy of teenage daughter insufficient); United States v. Bryant, 873 F.Supp. 660, 663 (N.D.Ga.1994) (desire to spend time with 2-year-old son before incarceration insufficient)