23-8049
*United States v. Romanello*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-four.

PRESENT:     John M. Walker, Jr.,
             Susan L. Carney,
             Steven J. Menashi,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

           *Appellee,*

     v.                                          No. 23-8049

ANTHONY ROMANELLO,

           *Defendant-Appellant.*[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Appellee*:
REBECCA SCHUMAN, Assistant United States Attorney (Amy Busa, Dana Rehnquist, Irisa Chen, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, New York.

*For Defendant-Appellant*:
GERALD J. MCMAHON, Scotch Plains, New Jersey.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Komitee, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Anthony Romanello was convicted on December 11, 2023, of extortionate collection of credit—and conspiracy to do the same—in violation of 18 U.S.C. § 894(a)(1). On December 12, 2023, the district court granted the government's motion for Romanello to be detained pending sentencing. Romanello now moves this court for bail pending sentencing, arguing that his advanced age of 86 and the length of time that elapsed between the offense conduct and the jury verdict—approximately six and a half years—constitute "exceptional reasons [that] detention would not be appropriate" under 18 U.S.C. § 3145(c). We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

"'[U]nless we believe that the findings of the district judge were clearly erroneous or that he committed an error of law, we should affirm' the district court's order of detention or release." *United States v. LaFontaine*, 210 F.3d 125, 130 (2d Cir. 2000) (quoting *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986)). The

2

district court did not commit a legal error in concluding that Romanello's age and the lapse of time between the offense conduct and the jury verdict did not constitute "exceptional reasons" to grant bail pending sentencing despite his conviction for a crime of violence.

With respect to Romanello's age, district courts have properly decided that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release pending sentencing pursuant to § 3145(c)." *United States v. Lippold*, 175 F. Supp. 2d 537, 540 (S.D.N.Y. 2001); *accord United States v. Luciano*, No. 97-1015, 1997 WL 120567, at *2 n.1 (2d Cir. Feb. 24, 1997) (noting that "district courts have found that 'purely personal circumstances' do not constitute exceptional reasons" and citing cases). In addition, at least one federal court of appeals has held that a defendant's advanced age and poor health do not, by themselves, constitute "exceptional reasons" for purposes of § 3145(c). *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008). Romanello conceded at his bail hearing that he could cite no authority for the proposition that an advanced age was an "exceptional reason[]" within the meaning of the statute. *See* Gov't App'x 24.

We have stated that "[t]he test under § 3145 is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as 'exceptional.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004). The district court in this case took account of the fact that Romanello was in good mental and physical condition for his age and offered the assistance of both the court and the government in preventing any interruption in Romanello's medication regimen. *See* Gov't App'x 45-47. The district court did not err in concluding that Romanello's age and health did not amount to "exceptional reasons" to grant bail.

We similarly see no authority for concluding that the lapse of time between Romanello's offense conduct and the jury verdict qualifies as an exceptional reason. Neither of the two cases on which Romanello relies—*United States v.*

*Rentas*, No. 09-CR-555, 2009 WL 3444943 (S.D.N.Y. Oct. 26, 2009), and *United States v. Campbell*, No. 20-CR-631, 2022 WL 2209371 (S.D.N.Y. June 21, 2022)—addresses whether the length of time between crime and conviction can be an "exceptional reason[]" within the meaning of § 3145(c). It is undisputed that the government initiated this prosecution within the applicable statute of limitations. Before his conviction, Romanello moved to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(A)(ii) based on the government's alleged preindictment delay. In denying the motion, the district court held that Romanello had failed adequately to allege that he suffered prejudice from the government's delay or that the delay was motivated by the desire to gain an unfair advantage. Gov't App'x 3. The district court did not err in holding that the preindictment delay did not constitute an exceptional reason to grant bail when, *inter alia*, Romanello neither suffered prejudice nor showed any improper motive on the part of the government.

\*      \*      \*

We have considered Romanello's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4