**UNITED STATES of America, Appellant,**

v.

**Joseph DiSOMMA, Defendant–Appellee.**

**No. 538, Docket 91–1464.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 8, 1991.

Decided Dec. 6, 1991.

James B. Comey, Asst. U.S. Atty., New York City (Otto G. Obermaier, U.S. Atty. for the Southern District of New York, of counsel), for appellant.

Jo Ann Harris, New York City, for defendant-appellee.

Before MINER, MAHONEY, Circuit Judges, and SIFTON, District Judge.[1]

MINER, Circuit Judge:

Appellant United States of America appeals from an order, entered on August 1, 1991 in the United States District Court for the Southern District of New York (Cedarbaum, *J.*), releasing defendant-appellee Joseph DiSomma on conditions pending appeal. *United States v. DiSomma*, 769 F.Supp. 575 (S.D.N.Y.1991). DiSomma was convicted on one count of conspiring to commit robbery. He moved pursuant to the Bail Reform Act for release on bail pending appeal of that conviction. As a defendant convicted of a violent crime, DiSomma had to meet several threshold criteria and also show "exceptional reasons" making release appropriate, in order to meet his burden under the Bail Reform Act. The district court found such an "exceptional reason" because DiSomma's appeal questioned the factual sufficiency of the violence element of the conspiracy conviction; this violence element also formed the predicate for his detention pending appeal. The government contends that no such exceptional circumstances exist because the appeal presents no novel question of law. We find that the "exceptional reasons" provision of the Bail Reform Act is not limited to cases raising novel legal questions on appeal and affirm the district court's order.

## BACKGROUND

On May 24, 1991, defendant-appellee Joseph DiSomma was convicted on one count of conspiring to obstruct commerce by robbery under the Hobbs Act (18 U.S.C. § 1951) in connection with a planned jewel-

---

1. Hon. Charles P. Sifton, United States District Judge for the Eastern District of New York, sitting by designation.

ry store theft. He was acquitted of charges of racketeering, racketeering conspiracy, and mail fraud. Following the verdict, the trial judge ordered DiSomma detained under the Bail Reform Act pending post-trial motions and appeal. DiSomma moved for a judgment of acquittal, Fed. R.Crim.P. 29, contending that the evidence presented at trial did not support the potential use of force during the proposed criminal enterprise because the theft was planned for a time when no one would be in the store. The trial court denied this motion, finding that a jury reasonably could infer from the taped conversations admitted into evidence that defendants conspired to steal merchandise from the jewelry store at a time when customers and employees would be present. Thus, either actual or threatened violence would have occurred during the course of the theft, and the statutory element of the crime would be satisfied.

DiSomma then moved for release under the provisions of the Bail Reform Act, 18 U.S.C. § 3143(b) and 3145, pending appeal of his conviction. The government stipulated that DiSomma posed no threat of flight and no danger to the community. *DiSomma*, 769 F.Supp. at 576. The trial court found that the appeal raised a substantial issue of law or fact that might result in reversal of the conviction and further that "exceptional reasons" justified release on conditions. *Id.* at 576–77. DiSomma therefore was ordered to be freed on conditions of release pending appeal. The government immediately moved for, and received, a stay pending appeal of that order. After attempting to raise the issue by motion, the government agreed to an expedited appeal and negotiated terms for DiSomma's release until this appeal on the bail issue is concluded.

### DISCUSSION

The Bail Reform Act, as amended, sets forth the procedure by which judicial officers determine whether a recently convicted person is eligible for release pending appeal. *See* 18 U.S.C. §§ 3143(b), 3145(c). The statute distinguishes between two cat-egories of crimes to determine eligibility for release. The first category applies to defendants convicted of crimes not listed in section 3142(f)(1)(A), (B), and (C) and allows for release when the trial judge finds certain conditions satisfied. *See* 18 U.S.C. § 3143(b)(1). The second category mandates detention for persons found guilty of crimes encompassed in section 3142(f)(1)(A), (B), and (C) which are, respectively, crimes of violence, offenses with maximum sentences of life in prison or death, and drug offenses carrying maximum sentences of ten or more years. *See* 18 U.S.C. § 3143(b)(2). DiSomma's crime of conviction, conspiracy to commit robbery, is a crime of violence because one of its elements is actual or threatened use of force. 18 U.S.C. § 1951(b)(1). The statute does not set out a lesser included offense. Thus, if the element of violence is not present, no conviction under section 1951 can occur.

■ While the language of section 3143(b)(2) compels detention, an exception permits release of mandatory detainees who meet the requirements for release under section 3143(b)(1), and "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Thus, section 3143(b)(1) supplies the threshold requirements that a person convicted of a violent crime must meet. To satisfy those requirements, the trial judge must find that the person poses no risk of flight and no danger to the community during release and that the appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, or a reduced sentence, and is not interposed for purposes of delay. 18 U.S.C. § 3143(b)(1). Only then does the trial court consider the presence of exceptional circumstances making detention inappropriate. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir.1991) (per curiam) (exceptional reasons provision to be applied on original application despite inclusion of provision "in a section generally covering appeals").

■ In this case, the parties agree that the conspiracy for which DiSomma was

convicted falls into the violent crime classification for purposes of section 3143(b)(2). The statute therefore mandates detention, unless the section 3143(b)(1) criteria are met and exceptional reasons are shown. The parties do not agree, however, that the evidence at trial supports the conviction for conspiracy to rob. Rather, DiSomma contends that the evidence does not support the violence element of the offense, which, if this Court on appeal of the substantive conviction agrees, means not only that he should not have been detained, but that he should not have been convicted.

The government stipulates that DiSomma poses no risk of flight and no danger to the community if he were to be released, the first two threshold criteria. In fact, DiSomma is now free under conditions agreed to by the government pending the outcome of this appeal. The district court found that DiSomma's appeal would present a substantial question of law or fact likely to result in reversal of his conviction, even though his Rule 29 motion was denied. *DiSomma*, 769 F.Supp. at 576. We see no basis for a challenge to that ruling. The trial judge reasonably concluded that an appellate court might find no basis from which to infer the necessary violence. Given the trial judge's close familiarity with the evidence presented in the case, her determination in regard to this matter should be upheld. *See United States v. Randell*, 761 F.2d 122, 124–25 (2d Cir.) (establishing criteria for determining existence of substantial issue on appeal for purpose of release), *cert. denied*, 474 U.S. 1008, 106 S.Ct. 533, 88 L.Ed.2d 464 (1985). We of course express no opinion as to whether sufficient evidence supports the conviction as that issue is not now before us. Thus, the third criterion is satisfied.

■ This brings us to the question of whether exceptional reasons make detention inappropriate here. The district court concluded that such a reason existed in this case because the violence that is the necessary element of the conspiracy to commit robbery conviction—the existence of which is the substantial question raised on appeal—is the same violence that prevents release on conditions. *DiSomma*, 769 F.Supp. at 576–77. Neither the statute nor case law defines the circumstances which may qualify as exceptional reasons permitting release. The legislative history on the issue is sparse and uninformative. The only useful historical document is a letter from the Justice Department to Senator Paul Simon, the sponsor of the Mandatory Detention for Offenders Convicted of Serious Crimes Act, proposing the "exceptional reasons" provision and suggesting two hypothetical situations where it might apply. *See* Letter from Assistant Attorney General Carol T. Crawford to Honorable Paul Simon (July 26, 1989) ("Crawford Letter"). In the first, an elderly man with lifelong community ties, convicted under the federal murder statute of the mercy killing of his wife, challenges the applicability of that statute to mercy killings, a question of first impression in the circuit. The second example posited a seriously wounded drug dealer whose appeal raised a novel search and seizure issue which could change the outcome of his trial. *Id.* at 2.

The examples given in the Crawford Letter present a unique combination of circumstances giving rise to situations that are out of the ordinary. While one example involves a legal question said to be "novel," the other involves merely a question of first impression in one circuit. We therefore do not take the examples to impose a requirement of absolute legal novelty. We do think that an unusual legal or factual question can be sufficient, as it is here, to meet the test. On the other hand, a merely substantial question may be sufficient, in the presence of one or more remarkable and uncommon factors, to support a finding of exceptional reasons for the inappropriateness of detention. As in many things, a case by case evaluation is essential, and it is not our intention to foreclose district judges from the full exercise of discretion in these matters. That discretion certainly is not limited by the examples contained in the Justice Department letter. It is constrained only by the language of the statute: "exceptional reasons."

We are confronted here with a most unusual factual and legal situation, one that

fully justifies the exercise of discretion by the district court. The statute of conviction requires proof of violence, and the existence *vel non* of that element is said to present a substantial question on appeal. It is that very violence that mandates detention under the provisions of the Bail Reform Act. The element of the crime called into question on appeal is the element of the bail statute that bars release. Because this is so, DiSomma will have been confined unjustly if he prevails on appeal. In this case, prevailing on appeal may well result in dismissal of the indictment, since failure of evidence of violence is the kind of factual insufficiency that warrants dismissal.

Since DiSomma poses no risk of flight and no danger to the community and has presented a substantial question on appeal, violence is the only bail criterion at issue. It is clear that had DiSomma been convicted of a non-violent crime, he would have been released by the trial judge because he fulfilled the requirements of section 3143(b)(1). We consequently hold that where a defendant mounts a direct and substantial challenge on appeal to the factual underpinnings of the element of violence upon which his sole conviction stands or falls, in the absence of risk of flight or danger to the community, it is well within the district judge's discretion to find that exceptional reasons allow release of the defendant pending appeal.

## CONCLUSION

The order releasing defendant-appellee on conditions pending appeal is affirmed.