**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Samuel McALLISTER, Defendant–Appellee.**

**No. 2083, Docket 92–1439.**

United States Court of Appeals, Second Circuit.

Argued Aug. 11, 1992.

Decided Sept. 4, 1992.

Keith M. Fleischman, Asst. U.S. Atty., D.Conn., Bridgeport, Conn. (Albert S. Dabrowski, U.S. Atty., D.Conn., New Haven, Conn., of counsel), for plaintiff-appellant.

Richard A. Reeve, Asst. Federal Public Defender, New Haven, Conn., for defendant-appellee.

Before WINTER, MINER and McLAUGHLIN, Circuit Judges.

WINTER, Circuit Judge:

The government appeals from Judge Eginton's order declining to revoke the bond of Samuel McAllister, pursuant to 18 U.S.C. § 3143(a)(2) (Supp. II 1990), pending his sentence after conviction by a jury. Because Judge Eginton stated that he could not make a finding satisfying the requirements of Section 3143(a)(2)(A)(i), we reverse and order the bond revoked.

Section 3143(a)(2) states that a judge "shall" order detainment during the presentence period of a defendant who, like McAllister, has been convicted of a violent

crime or of a serious drug offense unless "(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; ... and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(A)(i) & (B). With regard to Section 3143(a)(2)(A), Judge Eginton stated that "the first condition is ... a finding by the judge that there is a substantial likelihood that a motion for acquittal [or] new trial would be granted, and ..., I can't make that finding.... I won't be able to make that finding one way or another until all the papers are in and that's going to be probably September or October, I suppose."

For guidance, Judge Eginton turned for purposes of analogy to Section 3143(b)(1)(B), which relates only to release or detention pending appeal and thus does not apply to McAllister, who is awaiting sentencing. Section 3143(b)(1)(B) states that the judge shall order the convicted person detained unless the judge finds "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal [or] (ii) an order for a new trial." Judge Eginton noted that, in his view, courts have not taken the language of Section 3143(b)(1)(B) literally but have taken a "common sense" approach to its interpretation. He stated that district courts applying Section 3143(b)(1)(B) do not "have to find that we're going to be reversed by the appellate court or the jury verdict is going to be reversed.... What we have to find is that there are issues which are sufficiently serious." He then held that "insomuch as the language of 'substantial likelihood' is used in both [Section 3143(a)(2)(A)(i) and Section 3143(b)(1)(B)], ... I should read into [Section 3143(a)(2)(A)(i)] the same common sense approach that there are issues which can be raised in this case ... to set aside the verdict." Judge Eginton then went on to find that there was a question of law to be resolved—a severance issue—sufficiently

serious to deny the revocation of bail. We disagree.

First, although the language of the two sections is similar, there is no need under Section 3143(a)(2)(A)(i) to predict a reversal by another court; the requisite prediction concerns only the judge's own actions and there is thus no need to apply a so-called "common sense" judicial gloss to Section 3143(a)(2)(A)(i).

Second, Judge Eginton perceived the interplay of Section 3143(a)(2)(A)(i) and Section 3143(b)(1)(B) as creating an anomaly in McAllister's case requiring the application of a "common sense" judicial gloss. The anomaly lay in the judge's estimating the chances for success of a motion for acquittal or new trial as presently indeterminate but his perceiving a "substantial" issue on appeal having a fair chance of causing a reversal. He thus believed that McAllister's eligibility for bail in the pre-sentence period would be less than in the appeal period. To eliminate this perceived anomaly, Judge Eginton applied to Section 3143(a)(2)(A)(i) the interpretive gloss placed on Section 3143(b)(1)(B). However, after the 1990 amendments, Sections 3143(a)(2)(A)(i) and (b)(1)(B) apply to different types of convictions. Section 3143(b)(1)(B) applies only to lesser offenses and will not govern McAllister's application for bail on appeal. The provision applicable to McAllister in the appeal period will be Section 3143(b)(2), which states that "[t]he judicial officer shall order that a person who has been found guilty of an offense [such as those of which McAllister was convicted] and sentenced to a term of imprisonment, and who has filed an appeal or. a petition for a writ of certiorari, be detained." 18 U.S.C. § 3143(b)(2). In the absence of "exceptional reasons," 18 U.S.C. § 3145; see also United States v. DiSomma, 951 F.2d 494 (2d Cir.1991), there will thus be no discretion to release McAllister pending an appeal no matter how "substantial" the appellate issues may be. Consequently, there is no anomaly to be addressed, and the plain language of Section 3143(a)(2)(A)(i) applies.

Because Judge Eginton stated flatly that he could not make the requisite finding under Section 3143(a)(2)(A)(i), we reverse his order and revoke bail. We do not address Judge Eginton's findings that the requirements of Section 3143(a)(2)(B) were satisfied.