978 F.2d 1268
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
John D. SCHUERMANN, Defendant-Appellant.
 No. 92-3339.
 United States Court of Appeals, Tenth Circuit.
 Nov. 5, 1992.
 
 Before McKAY, Chief Judge, ANDERSON and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant appeals the district court's order denying him release pending sentencing. Appellant was subject to the mandatory detention provisions of the Bail Reform Act. See 18 U.S.C. §§ 3142(f)(1), 3143(a)(2), (b)(2). The government moved for appellant's release. Both the government and appellant contended there were exceptional reasons for appellant's release under 18 U.S.C. § 3145(c). The district court considered the circumstances recited by the parties and determined those circumstances did not present an exceptional reason for defendant's release.
 
 
 3
 "Appellate review of detention or release orders is plenary as to mixed questions of law and fact and independent, with due deference to the district court's purely factual findings." United States v. Stricklin, 932 F.2d 1353, 1355 (10th Cir.1991). Whether the particular circumstances of a case present an exceptional reason for release is a mixed question of law and fact. See Campbell v. Bartlett, Nos. 88-2711, 88-2854, slip op. at 7-8 (10th Cir. Oct. 6, 1992) (holding that whether the facts satisfy a prescribed statutory standard is a mixed question of law and fact).
 
 
 4
 The only two circuits to have addressed what may constitute an exceptional reason for release have agreed that "a case by case evaluation is essential." United States v. DiSomma, 951 F.2d 494, 497 (2d Cir.1991); accord United States v. Herrera-Soto, 961 F.2d 645, 647 (7th Cir.1992) (per curiam). The Second Circuit has stressed that district judges should not be foreclosed "from the full exercise of discretion in these matters" and that their discretion "is constrained only by the language of the statute: 'exceptional reasons.' " United States v. DiSomma, 951 F.2d at 497.
 
 
 5
 Based upon our review of the record and briefs on appeal, we conclude the district court did not err in determining that the circumstances of this case did not present an exceptional reason for appellant's release pending sentencing. Therefore, the order of the United States District Court for the District of Kansas denying appellant release pending sentencing is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3