**UNITED STATES of America,**
**Appellee,**

v.

**James ZILLGITT, Defendant–**
**Appellant.**

**No. 00–1582.**

United States Court of Appeals,
Second Circuit.

Aug. 14, 2001.

Barbara D. Cottrell, Assistant United States Attorney; Daniel J. French, United States Attorney, Office of the United States Attorney for the Northern District of New York, Syracuse, NY, for appellee.

David G. Secular, Syracuse, NY, and James Zillgitt, Ayer, MA, pro se.

Present MINER, CALABRESI, and CABRANES, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and is REMANDED.

James Zillgitt appeals from a July 28, 2000 order of the District Court denying Zillgitt's motion for bail pending appeal. Zillgitt had been convicted by a jury of one count of conspiring to distribute cocaine or marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. At the same trial, defendant was acquitted of eight counts of drug distribution. Based on the quantities of cocaine that the District Court found were involved in the conspiracy, Zillgitt was sentenced principally to 109 months' imprisonment.

In a separate appeal docketed as No. 00–1421, Zillgitt challenges the legality of his sentence, arguing that the jury's general verdict, made without findings as to the type and amount of drugs involved in the conspiracy, required that he be sentenced under 21 U .S.C. § 841(b)(1)(D), which provides the penalties for conspiring to distribute an unspecified amount of marijuana.[1] The maximum period of imprisonment for violation of that subsection is 5 years, which is substantially less than the sentence imposed on defendant, nearly 7 years of which he has already served.[2]

In his motion for bail pending appeal, Zillgitt argues that, both under our decision in *United States v. Barnes,* 158 F.3d 662, 667–72 (2d Cir.1998) (holding that, in certain circumstances, where a defendant is convicted of a charge alleging a conspiracy to distribute one drug or another, he must be sentenced as if the conviction were only for a conspiracy involving the drug that triggers the lowest statutory sentencing range), and under the principles recently articulated by the Supreme Court in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), he is likely to prevail on appeal in his argument that, without a jury finding as to drug type and quantity, his conviction must be treated as one for an unspecified amount of marijuana under § 841(b)(1)(D).

It appears from the record that (a) the jury heard testimony concerning both cocaine and marijuana; (b) the jury was instructed that it could convict if it found a conspiracy involving either cocaine or marijuana; and (c) the government argued to the jury that it need not rely on evidence of cocaine distribution. The District Court, nevertheless, denied the bail mo-

---

1. According to the most recent scheduling order, Zillgitt's appeal of the merits of his sentence may be scheduled for argument as early as the week of September 4, 2001.

2. The reasons for the delay between conviction and direct appeal are complex and not before this panel in any way.

tion, on the ground that the only reasonable interpretation of the jury's verdict was that it had found defendant guilty of conspiring to distribute cocaine. The District Court compared the proportion of trial testimony concerning marijuana with that concerning cocaine and concluded that, since there was much more testimony concerning cocaine than marijuana, the conviction must have been based on the cocaine testimony. Appellant's Appendix at 30. The court did not consider whether the acquittals on the substantive counts provided any insight into which testimony the jury credited. Because the District Court found that defendant was unlikely to succeed on the merits, it did not evaluate the other prongs of the test for granting bail pending appeal. *Id.* at 28–31.

In order to succeed on a motion for bail pending appeal in a case of this sort, defendant must show (1) that he is not likely to flee or to pose a danger to the community, (2) that "the appeal is not for the purpose of delay," (3) that it raises a substantial question of law or fact likely to result in . . . a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process," and (4) that there are "exceptional circumstances" warranting release. 18 U.S.C. §§ 3142(f)(1), 3143(b), 3145; *United States v. DiSomma,* 951 F.2d 494, 496 (2d Cir.1991).

The District Court ruled only on the third prong and did not make findings as to the other three. Although defendant raises "substantial questions of law" concerning the validity of his sentence, it is difficult to evaluate his likelihood of success on the basis of the record before us.

Accordingly, we remand the cause to the District Court for further consideration of defendant's motion for bail pending appeal, and direct the Court to consider each of the remaining factors discussed above—

factors "1," "2," and "4" above—and presented in 18 U.S.C. § 3143(b)(1)(A) (likelihood of flight and danger to persons or community prongs); 18 U.S.C. § 3143(b)(1)(B) ("delay" prong only); and 18 U.S.C. § 3145(c) (showing of "exceptional reasons"). The District Court shall enter its findings on each of these three factors by no later than 21 calendar days following the date of entry of this order.

Within 21 calendar days of the entry of the District Court's supplemental findings of fact and conclusions of law, the parties shall compile and file with the Office of the Clerk of the Court of Appeals an appropriate supplemental appendix containing, *inter alia,* the indictment (and any superseding indictment); relevant trial transcripts bearing on the issues raised on appeal and on any of the factors considered by the Court on the motion for bail pending appeal; transcripts of any hearing the District Court may hold on remand; and the findings and conclusions entered by the District Court on remand.

Jurisdiction over this matter shall be restored to this panel, without a new notice of appeal, when either party informs the court in writing that the District Court has entered the findings specified above, or when 45 days have elapsed from the date of the filing of this order, whichever comes first. *See United States v. Jacobson,* 15 F.3d 19, 21–22 (2d Cir.1994) (discussing this procedure). No later than 60 days from the date of the entry of this order the parties shall file in the Court of Appeals supplemental letter briefs of no more than twenty five double-spaced pages, addressing any issue then pending before this panel.

For the reasons stated above, the judgment of the District Court is REMANDED. The mandate shall issue forthwith. Copies of this order shall forthwith be conveyed by the Clerk to Mr. Zillgitt as

well as to his counsel, and to the Office of the United States Attorney for the Norther District of New York, by the most expeditious means possible.