**UNITED STATES of America,**
**Appellant,**

v.

**John LEA, Defendant–Appellee.**

**Docket No. 04–0221–CR.**

United States Court of Appeals,
Second Circuit.

Submitted March 9, 2004.

Decided March 12, 2004.

David M. Grable, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Robert P. Storch, Assistant United States Attorney, on the brief), for appellant.

Richard L. Mott, Albany, NY, for appellee.

Before: WALKER, Chief Judge, CARDAMONE and STRAUB, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

The United States appeals from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) releasing defendant John Lea on bail pending sentencing pursuant to 18 U.S.C. § 3145(c). The order was entered orally on November 25, 2003 and then reaffirmed in writing on December 29, 2003, following the Government's motion for reconsideration.

The pertinent facts are as follows: On November 25, 2003, a jury convicted Lea of witness retaliation, in violation of 18 U.S.C. § 1513(b). The evidence at trial showed that Lea had assaulted a witness who had testified against one of Lea's friends. Among the witnesses who testified against Lea at his own trial was a 13–year–old boy who lives across the street from the site of the attack.

Immediately after the verdict was rendered, the Government moved to have Lea detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(2). The district court, without explaining its rationale, denied the request for detention and ordered that Lea be released on the same terms and conditions that had governed his pretrial release. The court scheduled Lea's sentencing for March 24, 2004.

On November 26, 2003, the Government moved for reconsideration of the court's decision to grant bail. Lea opposed the motion. A month later, on December 29, 2003, the district court affirmed its earlier decision, this time with reasons. The court found that Lea had satisfied the criteria for release under 18 U.S.C. § 3145(c) because he was not a flight risk or a danger to anyone and there were "exceptional circumstances" warranting release.

The Government filed a timely appeal.

### DISCUSSION

■ We review the district court's release order for clear error. *See United States v. LaFontaine*, 210 F.3d 125, 130

(2d Cir.2000). Ordinarily, a defendant who, like Lea, has been convicted of a crime of violence[1] is eligible for release pending sentencing only if:

    (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

      (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

    (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). This is a more stringent test than the one that applies to individuals who have been convicted of non-violent crimes, which requires only that the judge find "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released...." 18 U.S.C. § 3143(a)(1).

However, a defendant convicted of a crime of violence and awaiting sentencing who cannot satisfy the criteria set forth in § 3143(a)(2) may nevertheless be released if (1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, *and* (2) "it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir.1991).

Lea concedes that he is not eligible for release pursuant to § 3143(a)(2). But he argues, and the district court found, that he meets the requirements of § 3145(c). The district court concluded that Lea did not pose a flight risk or a danger to anyone because he had complied with the conditions of his release while he was out on bail pending trial. The court also concluded that there were "exceptional circumstances" warranting release because Lea "is currently a student enrolled in community college, he is employed full time and he has no prior convictions."

        The district court's ruling was clearly erroneous. Assuming, *arguendo,* that the court reasonably concluded that Lea posed no risk of flight or danger to anyone, and thus satisfied the requirements of § 3143(a)(1),[2] it plainly erred in finding that Lea's case presented "exceptional circumstances." 18 U.S.C. § 3145(c). Exceptional circumstances exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *DiSomma,* 951 F.2d at 497; *see also United States v. Lippold,* 175 F.Supp.2d 537, 540 (S.D.N.Y. 2001) (collecting cases and noting that "circumstances that are 'purely personal' do not typically rise to the level of 'exceptional' warranting release"). The test under § 3145(c) is necessarily a flexible one, and district courts have wide latitude to determine whether a particular set of circumstances qualifies as "exceptional." *DiSomma,* 951 F.2d at 497. But the circumstances in this case do not approach being "exceptional." There is nothing "exceptional" about going to school, being

---

**1.** *See* 18 U.S.C. § 1513(b) (defining crime of witness retaliation); 18 U.S.C. § 3156(a)(4) (defining "crime of violence" to include "an offense that has [as] an element of the offense the use, attempted use, or threatened use of physical force ...").

**2.** We doubt the soundness of this finding, given that (a) Lea has been found guilty of witness retaliation, and (b) his own conviction rests in part on the testimony of a 13-year-old boy.

employed, or being a first-time offender, either separately or in combination. Accordingly, we reverse the district court's November 25, 2003 and December 29, 2003 orders and direct that the defendant be remanded to custody pending his sentencing.

### CONCLUSION

For the reasons set forth herein, the district court's orders releasing Lea on bail pending his sentencing are RE-VERSED. The district court is directed to issue an arrest warrant immediately. The mandate shall issue forthwith.