20-1419-cr
*United States v. Abner Peralta*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of July, two thousand twenty.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


UNITED STATES OF AMERICA,
            *Appellant,*


            -v-                                    20-1419-cr


LUIS COLON,
            *Defendant,*


ABNER PERALTA,
            *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR APPELLANT:                    Thomas R. Sutcliffe, Michael F. Perry, Assistant
                                  United States Attorneys, *for* Grant C. Jaquith,

United States Attorney for the Northern District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLEE: Frank Policelli, Esq., Utica, New York.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J*.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **VACATED** and the case is **REMANDED** for further proceedings.

The Government appeals from an order of the district court, entered April 8, 2020, denying its motion to remand defendant-appellee Abner Peralta pending sentencing. Peralta was convicted, following a jury trial, of: (1) conspiring to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 846; and (2) possessing with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B). On appeal, the Government argues that the district court erred in denying its motion because presentence detention was mandatory under 18 U.S.C. § 3143(a)(2) and Peralta failed to satisfy any of the statute's exceptions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

### I. Applicable Law

Peralta is subject to 18 U.S.C. § 3143(a)(2) because he was convicted at trial of two offenses "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.) . . . ." 18 U.S.C. § 3142(f)(1)(C). In turn, § 3143(a)(2) requires the district court to order a defendant detained pending sentencing unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

Where the limited conditions enumerated above have not been satisfied, a defendant "may nevertheless be released if (1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, and (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'" *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004) (emphasis omitted) (quoting 18 U.S.C. § 3145(c)). The first prong requires the district court to "find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1). "Exceptional

3

reasons" exist under the second prong where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). We review a district court's release order for clear error. *See Lea*, 360 F.3d at 402.

## II.    *Analysis*

On appeal, Peralta argues only that his release is justified under § 3145(c) for "exceptional reasons." Because the district court failed to make any findings on the record that would justify the application of § 3145(c) to Peralta's case, we vacate the district court's order and remand for further proceedings.

The Government first moved to have Peralta detained immediately following his conviction at trial on February 3, 2020. The district court denied the motion orally, stating in relevant part:

> Prior to the trial, I directed the probation department to submit me -- to me a report in the event one or both of the defendants was convicted of one or more crimes, which they did on January 27th, and the report states as follows: U.S. Magistrate Judge -- with respect to Abner Peralta, U.S. Magistrate Judge Dancks ordered him released to pretrial supervision with conditions. The U.S. probation officer received notification that the defendant surrendered his passport to the custody of the U.S. District Court on August 24, 2018, in compliance with his release condition. The defendant maintains a single family residence in the City of Utica with his wife . . . and their three minor children. Peralta is self-employed as a maintenance manager.
>
> Since his release to pretrial services, Peralta has submitted to 13 drug screens that have all returned negative for illegal

4

substances. He has not incurred any new criminal charges while on pretrial supervision. Peralta is currently in compliance with his reporting instructions to the U.S. probation officer and the recommendation is that if the defendant is found guilty, it would be appropriate for him to be maintained on current conditions of supervision, and I will do so.

Gov't App'x at 80-81.

During post-trial proceedings, the Government twice renewed its request to have Peralta remanded, but both requests were denied. The district court denied the Government's first renewed motion for a failure to raise the matter in its opposition to Peralta's post-trial motions, and it denied the second renewed motion without explanation.

We vacate the order here because the district court failed to make any finding on the record of an "exceptional reason[]" why Peralta's detention pending sentencing was not appropriate. *Lea*, 360 F.3d at 403. The sole findings that the district court made here -- that Peralta supports his family, is employed, and was in compliance with his conditions of supervision -- were plainly not adequate to justify denial of the Government's motion. *See id.* at 403-04 ("There is nothing 'exceptional' about going to school, being employed, or being a first-time offender, either separately or in combination."). On remand, the district court is either to: (1) explain what "exceptional reasons" exist under § 3145(c) and our precedent to justify denial of the Government's

5

remand motion; or, (2) if it finds no such reasons exist, remand Peralta pending

sentencing.

*    *    *

For the foregoing reasons, we **VACATE** the order of the district court and

**REMAND** for further proceedings as set forth above.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk